PAUL J. KALMAN and George E. Routh, Jr., Co-partners Doing Business under the Firm Name and Style of Paul J. Kalman Company, Appellants, v. D. A. DINNIE, Respondent.

(176 N. W. 656.)

**Evidence — secondary evidence of letter when admitted.**

Where an original letter written by the plaintiffs to the defendant had been in the possession of the defendant, and preliminary proof of its loss is made through a search of the possession of its custodian, no notice of demand upon the adverse party to produce such letter is requisite in order to admit in evidence secondary evidence of its contents.

Opinion filed February 13, 1920.

Action in District Court, Ward County, *Leighton,* J., upon an account and counterclaim for damages. From a judgment in favor of the defendant, and an order denying a new trial, the plaintiffs have appealed.

Affirmed.

*Greenleaf & Wooledge,* for appellants.

*Bradford & Nash,* and *E. T. Burke* on oral argument, for respondent.

Assignments of error not briefed nor argued are deemed abandoned and will not be considered. Nichols & S. Co. v. Marshall, 132 N. W. 791.

No notice or demand was necessary for the introduction of secondary evidence when the pleadings disclose specifically the nature of defendant's proof. Owens v. Bemis, 22 N. D. 163; 2 Wigmore, Ev. §§ 1203, 1205, 1462.

If the original cannot be produced, parol evidence of its contents may be given. Doe v. Ross, 7 N. & W. 2; Greenl. Ev. § 84, note.

Jurors' affidavits are inadmissible to explain the verdict. People v. Hogner, 1 Wend. 297; Wright v. Telephone Co. 20 Iowa, 195; Thomp. Trials, p. 1902.

It is not admissible to show by the oath of a juror that he did not agree to the verdict as rendered. Thomas v. Jones, 28 Gratt. 383; 2 Thomp. Trials, 2d ed. 1904.

In states which have adopted the code system of pleading accord and satisfaction must in all cases be pleaded specially. Sweet v. Burdett, 40 Cal. 97; Coles v. Souleby, 21 Cal. 47; Berdell v. Bissell, 6 Colo. 162; Barnum v. Greene, 57 Pac. 757; Combs v. Smith, 78 Mo. 32; Jacobs v. Day, 5 Misc. 410, 25 N. Y. Supp. 765.

Accord and satisfaction is new matter. Coles v. Souleby, supra.

BRONSON, J. This is an action to recover the balance due upon a contract for materials furnished in the construction of a Normal School. The defendant answered by alleging payment and by a counterclaim for damages through the failure of the plaintiff company to furnish, at a specified time mentioned in a contract, certain reinforcing steel requisite in the construction of the Parker Hotel at Minot. In the trial court, the jury returned a verdict for $303.26, in favor of the defendant. The plaintiff company has appealed from the judgment

45 N. D.—8.

entered thereon, and from an order denying a new trial. At the trial, the defendant, to establish the period of delay occasioned by the failure of the company to furnish the steel at the time specified, introduced secondary evidence of the contents of a letter received by the defendant from the company, through his oral testimony, after preliminary proof of its loss. No notice to produce such letter was made upon the company. Objection was made by the company to the admission of such secondary evidence upon the ground that no such notice was given and that the company was surprised. The trial court admitted the evidence. Thereupon, the company moved for a continuance of the case over the term for purposes of securing rebutting evidence. This motion was denied. The principal contention of the appellant company is that the trial court erred in admitting such secondary evidence and in denying such motion. The company admits that the motion was properly denied, if the evidence was admissible.

No notice to produce was necessary. Such notice is essential only when the original instrument, sought to be proved by secondary evidence, is or may be presumed to be in the possession of the adverse party. 17 Cyc. 558. See Nichols v. Charlebois, 10 N. D. 446, 449, 88 N. W. 80. The original letter had been in the possession of the defendant. The failure to produce this letter, or its loss, would not be established, for the purpose of admitting secondary evidence of its contents, by demand upon the company, or by a search of effects, but through a search of the possession of its custodian. 17 Cyc. 553. The company further specify that the evidence discloses a complete settlement between the parties and in fact no delay in the delivery of the materials, concerning the Parker Hotel. These were questions of fact, in any event, for the jury. The court properly instructed the jury concerning the allowance of the company's admitted claim. The judgment is affirmed.